

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,960

### EX PARTE FERNANDO ANDUJO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-33,388-A IN THE 70th DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbert and sentenced to twenty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. The Applicant also contends that he timely notified the district clerk that he wished to file a notice of appeal and requested that counsel be appointed. Counsel was then appointed after the deadline for filing a notice of appeal had expired. We remanded this application

to the trial court for findings of fact and conclusions of law.

After conducting an evidentiary hearing, the trial court has determined that Applicant was deprived of his right to appeal through no fault of his own and recommends that he be granted relief. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. A-33,388-A from the 70th Judicial District Court of Ector County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: July 2, 2008
Do Not Publish